IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID MARTIN,

    Plaintiff,

v.

ODS COMMUNITY DENTAL INSURANCE; OREGON HEALTH AUTHORITY; CAREOREGON; and SKYLINE ORAL AND DENTAL,

    Defendants.

Case No. 3:26-cv-00298-AB

ORDER

**BAGGIO, District Judge:**

Plaintiff David Martin brings this case against ODS Community Dental Insurance ("ODS"), Oregon Health Authority, CareOregon, and Skyline Oral and Dental. Plaintiff claims that he is being denied emergency oral surgery for a life-threatening condition.[1] Compl. 4, ECF

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing.

1 – ORDER

No. 1. On February 13, 2026, Plaintiff moved *ex parte* for a temporary restraining order ("TRO") in which he asks this Court, among other things, to order Defendants to: (1) provide Plaintiff with emergency oral surgery within twenty-four hours; (2) cover all costs related to surgery, anesthesia, and follow-up; (3) preserve evidence of financial records and communications between Plaintiff and Defendants; and (4) refrain from retaliating against Plaintiff.[2] Pl.'s Mot. TRO ("Pl.'s Mot.") 32–33, ECF No. 3. For the reasons below, the Court denies Plaintiff's motion.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *See W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008-09 (D. Or. 2019). In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit uses the "serious questions" test. *All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a

---

[2] In Plaintiff's pending motion, Plaintiff also names "Dr. Mishaun Sahebi, DDS" and "Jeffrey Van Orman, DMD" as defendants in this case. Pl.'s Mot. 3. The Court finds that Doctors Sahebi and Van Orman are not defendants here because Plaintiff does not name them in his operative Complaint.

2 – ORDER

hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

The Court finds that Plaintiff fails to show a likelihood of success on the merits of his claim. As an initial matter, a plaintiff is not entitled to an injunction based on claims which they do not plead in their complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."); *Baldwin v. Fifth Third Bank, N.A.*, No. 2:24-CV-03401-DC-JDP, 2025 WL 1787480, at *2 (E.D. Cal. June 26, 2025) ("A plaintiff is not entitled to an injunction based on claims not [pleaded] in his complaint."). Here, Plaintiff's Complaint only contains one allegation: "emergency motion for TRO due to life threatening denial of emergency oral surgery beyond 72 hours." Compl. 4. Plaintiff does not, however, include any other allegations of Defendants' conduct in his Complaint. Additionally, Plaintiff asks for mandatory relief in the form of covering all related medical costs, but Plaintiff's Complaint does not list this form of relief in his Complaint. Pls.' Mot. 32. Elsewhere, Plaintiff's motion contains arguments that Defendants violated his First, Eighth, and Fourteenth Amendment rights, which also do not appear in his Complaint. Pl.'s Mot. 10. Even if the Court were to consider these other claims, the Court notes that many of Plaintiff's citations to caselaw are inaccurate or contain incomplete citations.[3] To the extent that Plaintiff is using generative artificial intelligence to aid

---

[3] For example, Plaintiff cites to *Zschernig v. Miller*, 389 U.S. 429, 432 (1968), for a quote that does not exist on the cited page or anywhere else in the case. Pl.'s Mot. 14. Elsewhere, Plaintiff appears to cite within rhymed verse *Hartman v. Moore*, 547 U.S. 250 (2006), *Estelle v. Gamble*, 429 U.S. 97 (1976), and *Washington v. Glucksberg*, 521 U.S. 702 (1997), without full citations supporting Plaintiff's argument. *Id.* at 36–37, 76–77.

3 – ORDER

him in his briefing, Plaintiff is warned that the Court will not tolerate further inaccurate or incomplete citations to legal authority.[4]

The Court finds that there lacks a "sufficient nexus between the claims raised in [Plaintiff's] motion for injunctive relief and the claims set forth in the underlying complaint . . . ." Therefore, the Court currently "lacks authority to grant the relief requested." *Pacific Radiation Oncology, LLC*, 810 F.3d at 636. Accordingly, Plaintiff's motion for TRO is denied.

///

///

///

///

---

[4] The Court additionally has concerns whether Plaintiff is able to show a likelihood of irreparable harm. As an initial matter, economic damages generally do not constitute irreparable harm. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202–03 (9th Cir. 1980); *see also Johnson v. Brown*, 567 F. Supp. 3d 1230, 1262 (D. Or. 2021) ("Even if the Court assumes that this possible harm is not speculative and is sufficiently imminent, it is an economic injury and thus is not an irreparable injury because it can be compensated with money damages."); *Royston v. Guar. RV, Inc.*, No. 6:20-CV-1611-MK, 2020 WL 7346613, at *1 (D. Or. Dec. 14, 2020) ("Economic damages, which may be remedied with a later judgment for monetary damages, do not constitute irreparable harm."). Here, Plaintiff's claim appears to arise from Defendant ODS declining to provide coverage for emergency dental surgery, but Plaintiff does not allege that Defendants are preventing him from accessing life-saving care entirely. *See* Pl.'s Mot. 4. In other words, Plaintiff does not show that he is unable to access emergency medical treatment unless ODS provides such authorization. *See D.W. v. Fresenius Med. Care N. Am.*, 534 F. Supp. 3d 1274, 1288 (D. Or. 2021) (finding irreparable harm when "alternatives . . . do not ameliorate the substantial risk of irreparable harm to [the plaintiff]"). Plaintiff also does not show how monetary damages are inadequate. Indeed, Plaintiff cites as part of his requested relief the associated costs of "surgery, anesthesia, and follow-up . . . ." Pl.'s Mot. 32. The Court also notes that Plaintiff's tooth causing the alleged infection had signs of deterioration as early as July 2023. Pl.'s Mot. 5–6; *see also Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

4 – ORDER

**CONCLUSION**

Because Plaintiff has not established a likelihood of success on the merits, one of the four essential elements needed before the Court may issue a TRO, the Court DENIES Plaintiff David Martin's Motion for Temporary Restraining Order [3].

IT IS SO ORDERED.

DATED this  18th  day of February, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

5 – ORDER