IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

        Plaintiff,

    v.

ODS DENTAL (MODA); U.S. ATTORNEY'S
OFFICE, DISTRICT OF OREGON; U.S.
ATTORNEY GENERAL; PACER SERVICE
CENTER; SKYLINE ORAL SURGERY AND
DENTAL IMPLANTS,

        Defendants.

Case No. 3:26-cv-00298-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-Represented Plaintiff David P. Martin brings this case arising out of a dental

emergency against Defendants U.S. Attorney's Office for the District of Oregon, the U.S.

Attorney General, PACER Service Center (the "Government Defendants"), Oregon Dental

Service (MODA), and Skyline Oral Surgery and Dental Implants (the "Dental Defendants"). *See*

Am. Compl., ECF No. 8.[1] Plaintiff moves to proceed *in forma pauperis* ("IFP"). *See* Appl. for

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing. In
addition, the Court notes that in the original Complaint, *see* ECF No. 1, Plaintiff brought claims
against Defendant ODS and Skyline as well as Oregon Health Authority and CareOregon. In

1 – OPINION & ORDER

Leave to Proceed IFP ("Appl. IFP"), ECF No. 2. Because Plaintiff appears to have minimal income, the Court grants the motion to proceed IFP.[2] The Court, however, dismisses the Amended Complaint under 28 U.S.C. § 1915(e) with leave to amend.

## STANDARDS

### I.    Federal Rule of Civil Procedure 8

To comply with Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, Rule 8 requires that the pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### II.    28 U.S.C. § 1915

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

Plaintiff's Amended Complaint, he no longer appears to be pursuing claims against Oregon Health Authority and CareOregon. *See* Am. Compl. 2.

[2] The Court notes that Plaintiff's Application for Leave to Proceed IFP contains limited information as to Plaintiff's financial status, including the amount of his monthly income from Social Security and his assets. *See* Appl. IFP 2-3. However, the Court grants Plaintiff's motion because his only income is Social Security benefits, he asserts that his liquid assets are less than the $402.00 filing fee, *see id*., and this case involves Plaintiff's inability to pay for dental care.

2 – OPINION & ORDER

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

As a preliminary matter, Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Plaintiff's Amended Complaint is 97 pages long and contains many irrelevant and incomprehensible allegations:

> Your Honor, I have applied fifteen revolutionary analytical frameworks to this case—from Bilateral-Divergent analysis to Dimensional-Transcendence. I have mapped eleven legal dimensions with 275 attack vectors and 2,048 vertices. I have applied seven independent doctrines that void every medical record the Defendants possess. I have established the first ICC gateway in United States history through Oregon's Senate Joint Memorial 7 and ORS § 131.605. And I have done this while in pain level 9-10 out of IO for 810 consecutive days, with a 15-20mm periapical

3 – OPINION & ORDER

abscess, a breached sinus cavity, and a pathway to brain abscess via the cavernous sinus.

Am. Compl. 8; *see also id.* at 62 (describing a "11-dimensional hybercube legal analysis"), 74 (including a "benediction and final blessing"). Plaintiff's pleading also contains irrelevant allegations involving nonparties. *See, e.g.*, Am Compl. 14 (factual allegations regarding Plaintiff's mother), 43 (claims involving Columbia Urgent Care), 66 (claims regarding "AI harvests" by Google and other technology companies), 67 (claims regarding fraud by Lewis and Clark Law School). And the exact claims against the named Defendants are unclear. On page four of his Amended Complaint, Plaintiff cites as the jurisdictional basis for his case the First Amendment, the Equal Protection Clause, the Due Process Clause, and 28 U.S.C. § 1913. But Plaintiff also cites a variety of international laws, federal statutes, historical documents, and legal principles throughout his pleading against parties and nonparties alike. *See, e.g.*, Am. Compl. 14 (citing declaration of independence), 16 (citing the Americans with Disabilities Act), 43 (citing HIPPA), 66 (citing "Rome Statute Article 7(1)(k)"). Plaintiff's lengthy and confusing complaint imposes an "unfair burden[] on litigants and judges," *see McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), and must be dismissed under Rule 8.

In addition, Plaintiff has failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing the court to dismiss a complaint where "the action . . . fails to state a claim on which relief may be granted . . . ."). The factual basis for most of Plaintiff's claims is that he was denied dental care by Defendant Skyline because of an insurance denial by Defendant ODS and is now at risk of serious harm due to a dental abscess that he alleges may spread to his brain. Am. Compl. 8. While Court acknowledges the serious nature of Plaintiff's pain, many of the claims Plaintiff brings against Defendants fail as a matter of law. For example, Plaintiff appears to allege that Defendant Skyline violated the Due Process Clause

4 – OPINION & ORDER

and the Tenth Amendment in discriminating against him because of his drug history. *See* Am. Compl. 16, 18. Generally, however, a plaintiff cannot bring a claim for a constitutional violation against a private actor. *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (holding a "threshold requirement of any constitutional claim is the presence of state action"); *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) ("Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action."). Similarly, Plaintiff cites various criminal statutes in his Amended Complaint, including statutes for witness intimidation under 18 U.S.C. § 1512 and extortion under 18 U.S.C. § 1951. Am. Compl. 7. But private parties—such as Plaintiff—cannot enforce criminal statutes through a civil lawsuit. *See, e.g.*, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("[C]riminal statutes . . . do not give rise to civil liability."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding criminal provisions in Title 18 of the United States Code "provide no basis for civil liability").

Finally, the Court finds that the Government Defendants and the Dental Defendants should not be joined in the same action. Federal Rule of Civil Procedure 20 allows a plaintiff to join persons in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Under Rule 21, "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a [misjoined] party." Fed. R. Civ. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

5 – OPINION & ORDER

In his claims against Defendant PACER, Plaintiff alleges that Defendant PACER has exacerbated his medical condition by creating barriers to his access to legal information that would help him litigate this case. *See* Am. Compl. 11. The claim against Defendant PACER therefore arises out of a different occurrence—Plaintiff's inability to prosecute this action due to barriers created by Defendant PACER—and does not present the same question of law or fact as the claims against the Dental Defendants involving the denial of dental care. The Court, therefore, dismisses the Government Defendants from this action without prejudice.

### CONCLUSION

The Court GRANTS Plaintiff's Application for Leave to Proceed IFP [2] and dismisses Plaintiff's Amended Complaint [8] with leave to amend. Defendants U.S. Attorney's Office for the District of Oregon, U.S. Attorney General, and PACER Service Center are dismissed without prejudice. Plaintiff may file a second amended complaint within 30 days of this order. Plaintiff's second amended complaint must cure the deficiencies identified above and clearly and concisely allege the factual basis for Plaintiff's claims, explain how each Defendant is to have violated Plaintiff's rights, and describe the legal basis for each claim.

Failure to file a second amended complaint will result in dismissal of this case without prejudice and without further notice. In light of the Court's dismissal of the Amended Complaint [8], pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 12th day of March, 2026.

*Amy M. Baggio*

AMY M. BAGGIO
United States District Judge

6 – OPINION & ORDER