IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

        Plaintiff,

    v.

ODS COMMUNITY DENTAL, MODA
HEALTH PLAN, INC.; CAREOREGON/MODA
MEDICAID; SKYLINE ORAL SURGERY;
OREGON HEALTH AUTHORITY; and
DOES 1–50,

        Defendants.

Case No. 3:26-cv-00298-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff David P. Martin brings this case arising out of a dental emergency against Defendants ODS Community Dental, Moda Health Plan, Inc., CareOregon/Moda Medicaid, Skyline Oral Surgery, and the Oregon Health Authority. On March 12, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") but dismissed Plaintiff's 97-page Amended Complaint with leave to amend and with instructions to cure various deficiencies in his prior pleading. *See* Opinion & Order ("O&O"), ECF No. 21.

1 – OPINION & ORDER

Plaintiff filed his Second Amended Complaint on April 7, 2026.[1] *See* Second Am. Compl. ("SAC"), ECF No. 35. For the reasons below, the Court dismisses Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915(e) without prejudice and without further leave to amend.

## STANDARDS

### I.    Federal Rule of Civil Procedure 8

To comply with Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, Rule 8 requires that the pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### II.    28 U.S.C. § 1915

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing.

2 – OPINION & ORDER

to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court dismisses Plaintiff's Second Amended Complaint for Plaintiff's continued failure to comply with the Court's instructions in its prior orders.  First, Plaintiff's Second Amended Complaint fails to comply with Rule 8 despite the Court's prior instructions. While shorter than his previous version, Plaintiff's operative complaint is still lengthy and contains a large amount of information that has no clear connection to Plaintiff's causes of action. For example, Plaintiff attaches many documents to his Second Amended Complaint, including: a prefatory letter to the Court, SAC 7; various motions and translations of Latin phrases, SAC 7–9, 28–29; Plaintiff's evaluation of the Court's opinions in other matters, SAC 10–11; a document that appears to be a lesson plan for a course titled "Medical Emergency Law[,]" SAC 12–16; and a document titled, "The Two Robes—a Shamanic Forensic Analysis[,]" SAC 16–20. Because of the volume of unrelated materials that Plaintiff intersperses throughout his Second Amended Complaint, the Court finds it impossible to read. *See Bechler v. Macaluso*, No. CV 08-3059-CL, 2008 WL 4145881, at *2 (D. Or. Sept. 8, 2008) ("[The plaintiff's complaint] is extremely

3 – OPINION & ORDER

difficult for the court, in view of the length, argument, immaterial material and repetition, to determine the essence of plaintiffs' claims for relief . . . as presently drafted, [the complaint] does not comply with Rules 8 and 9."). In sum, the Court finds that Plaintiff's Second Amended Complaint—like his prior complaint—is too lengthy and incomprehensible. Navigating through it further would impose an "unfair burden[] on litigants and judges," *see McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), and must be dismissed under Rule 8.

Second, Plaintiff attempts to bring claims which the Court expressly explained fail as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing the court to dismiss a complaint where "the action . . . fails to state a claim on which relief may be granted . . . ."). For example, Plaintiff renews his constitutional claims against private actors. *See, e.g.*, SAC 2 (Plaintiff bringing a "First Amendment Retaliation" claim against "Amy Doe"). But, as the Court stated in its prior Opinion & Order, a plaintiff cannot do so.[2] *See* O&O 5; *see also Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (holding a "threshold requirement of any constitutional claim is the presence of state action"). Similarly, the Court previously explained that private parties cannot enforce criminal statutes through a civil lawsuit. O&O 5; *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("[C]riminal statutes . . . do not give rise to civil liability."). But Plaintiff ignores the Court's instructions and continues to bring causes of action under criminal statutes in his Second Amended Complaint, including statutes for witness retaliation and tampering under 18 U.S.C. § 1512, wire fraud under 18 U.S.C. §§ 1343 and 1347, and stalking under Or. Rev. Stat. § 163.732. SAC 2.

---

[2] Additionally, Plaintiff may not bring a § 1983 claim against Defendant Oregon Health Authority because states and governmental entities are not persons for purposes of § 1983. *See Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." (quoting *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997))).

4 – OPINION & ORDER

Taking into account the continued pleading deficiencies described above, the Court finds it appropriate to dismiss Plaintiff's Second Amended Complaint without prejudice and without leave to amend. *See* Fed. R. Civ. P. 41(b) (providing for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal . . . ." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). "A proposed amendment is futile if the plaintiff could not allege a set of facts that would constitute a claim or defense." *Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *2 (D. Or. Feb. 15, 2021), *report and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021).

Here, the Court informed Plaintiff of his pleading deficiencies and provided instructions on how to cure them. *See* O&O; March 20, 2026 Order (allowing additional amendment in light of possible missing pages), ECF No. 29. Plaintiff's Second Amended Complaint fails to comply with those instructions. *See Webb v. Dep't of Hum. Servs.*, No. 6:23-CV-00647-AA, 2023 WL 5350651, at *2 (D. Or. Aug. 21, 2023) ("The Amended Complaint does little to fix the problems of the original Complaint . . . . The Court has previously given Plaintiff leave to amend with instructions on how to state a claim. The Court concludes that it would be futile to allow further leave to amend and so dismissal shall be without prejudice but without leave to amend."). Additionally, instead of curing his pleading deficiencies, Plaintiff filed many motions and notices that are unrelated to refiling an operative complaint. *See, e.g.*, Emergency Motion to Compel Compliance, ECF No. 25; Omnibus Stalking Protective Order, ECF No. 31; Qui Tam Transformation Package, ECF No. 36. The Court therefore finds that further opportunity to

amend would be futile and dismisses Plaintiff's Second Amended Complaint without prejudice and without further leave to amend.

## CONCLUSION

The Court DISMISSES Plaintiff's Second Amended Complaint [35] without prejudice. Dismissal is without further leave to amend.

IT IS SO ORDERED.

DATED this _24th_ day of April, 2026.

AMY M. BAGGIO
United States District Judge

6 – OPINION & ORDER